JEREMIAH F. KINNEY, p. b. *vs.* JOHN SHORT, garnishee of JOHN B. ADAMS, d. b.

Trial by referees must be "*claimed*" by one of the parties; otherwise the case must be decided by the justice.

The referees must be sworn, and the justice should certify that they were sworn.

On a trial by referees they, and not the justice, are the judges of the competency as well as credibility of testimony, and have the general regulation of the trial.

The justice is bound to enter judgment on their report, and cannot inquire into it, or set aside the award, otherwise than by granting a *new trial* where a new trial may be demanded.

Both sides have the right to a new trial in the cases provided for in sec. 11 of the act. Hence in some cases *two* new trials may be had.

CERTIORARI to Justice Windsor.

Record. Judgment and execution. Jeremiah F. Kinney *vs.* John B. Adams. Execution returned served on John Short as garnishee, and plaintiff refuses to take the answer of the garnishee. "And now to wit, 5th of January, 1838, the parties appeared and plaintiff puts defendant to plead and refers the case to referees, who report no cause of action." And judgment on this report. Plaintiff claims a new trial, and the case is again referred to referees who reported as follows: "We, the referees, being summoned and sworn to adjust and settle all matters in dispute between Jeremiah F. Kinney, plain-tiff, and John Short, garnishee of John B. Adams, defendant, and after hearing the proofs and allegations on both sides, do report and say, that the defendant is justly due the plaintiff the sum of eleven dollars and seventy three cents. As witness our hands," &c. Judgment for $11 73 debt, and $19 costs, 2d March, 1838. "March 10th, 1838, defendant files affidavit stating unfairness in trial or illegal evidence taken, and prays a rule for said plaintiff to show cause why the report and judgment should not be set aside." Rule made and plaintiff notified, the case being ruled for trial on Friday, the 16th inst. Continued on the application of plaintiff until the 24th, when "the parties appear, and after hearing the parties, their proofs, &c., submitted upon the trial, it is considered and adjudged, that the report of the referees be confirmed, and that plaintiff in this action pay costs."

The exceptions were, as to the second trial, that it was had by referees without the same being asked for by either party, and with-out notice to the defendant: and that it did not appear by any cer-tificate of the justice that the referees were sworn. 2d, That the subsequent proceedings were illegal.

*By the Court.*—Either of these objections to the record is fatal. *Digest.* 336; *Newbold* vs. *Polk*, 1 *Harr. Rep.* 335; *Ray, use of Moon,*

vs. *Hall; Ibid.* 106. But the subsequent proceedings raise some new and important questions as to the powers and practice of justices of the peace; as, 1st, whether on a trial before referees the justice or the freeholders have the power to determine as to the legality of testimony. 2d, Whether the justice for this or any other cause has the power to set aside the report of referees otherwise than by granting a new trial in cases where a new trial may be demanded; and, 3d, Whether a second new trial may in any case be granted.

The act of assembly gives to either party the right to claim a trial by freeholders in all cases where the demand exceeds $5 33; and, if such mode of trial be claimed, the justice is required to appoint three judicious freeholders, to swear them faithfully and impartially to try the cause, and make a true and just report thereupon according to their evidence; and they are required to hear the allegations of the parties and their proofs, and to make report and return the same to the justice, " who shall give judgment according to such report. All the provisions of the law regard this as a trial by and before referees, and not before the justice; and in the absence of any express provision giving him authority, we apprehend he has no power to regulate the testimony or otherwise to interfere with such trial than to compel the attendance of witnesses, or to aid and protect the referees in the execution of their duty. Neither has he any thing to do with their report other than to enter judgment upon it as he is required by the law. The proceeding therefore, taken in this case of laying and hearing a rule to show cause why the report and judgment should not be set aside, was altogether irregular. Another form of proceeding might have been lawfully taken to get a review of this second trial, by application for another trial. The 11th section of the act of assembly secures the right of a new trial to both parties, and the right of either is not defeated by the demand of a new trial made by the other.

We have doubted whether the final action of the justice in this case, was not in fact a third trial of the cause; but we think that the record will not bear this out. The hearing by the justice was only of the rule to show cause why the report and judgment should not be set aside. The application was for this rule, and not a demand for a new trial; it was not a trial of the merits of the case as it might lawfully have been either by the justice or by other referees on the demand of the defendant, but merely an inquiry into the legality of the testimony admitted by the freeholders who tried the case. This proceeding was irregular, and the second judgment is also irregular, 1st, because the reference was not demanded by

either party; 2d, because the defendant had no notice; and 3d, because it does not appear by any certificate of the justice that the referees were sworn; for which last reason the first judgment also is erroneous.

Judgment reversed.

*Cullen,* for plaintiff in error.